UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| DANIEL REED CHRISTENSEN, | ) | CIV. 10-4128-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ROSIE QUINN; | ) | ORDER GRANTING IN PART AND |
| SECOND CHANCE RESCUE CENTER; | ) | DENYING IN PART DEFENDANTS' |
| JAMES ADAMSON, individually and | ) | MOTION |
| in his official capacity as a Turner | ) | TO STRIKE SUPPLEMENTAL EXPERT |
| County Commissioner; | ) | REPORT |
| LUVERNE LANGEROCK, individually | ) | |
| and in his official capacity as a | ) | |
| Turner County Commissioner; | ) | |
| JOHN OVERBY, individually and in | ) | |
| his official capacity as a Turner | ) | |
| County Commissioner; | ) | |
| STEVE SCHMEICHEL, individually | ) | |
| and in his official capacity as a | ) | |
| Turner County Commissioner; | ) | |
| LYLE VAN HOVE, individually and in | ) | |
| his official capacity as a Turner | ) | |
| County Commissioner; | ) | |
| TIFFANI LANDEEN-HOEKE, | ) | |
| individually and in her official | ) | |
| capacity as Turner County State's | ) | |
| Attorney; | ) | |
| BYRON NOGELMEIER, individually | ) | |
| and in his official capacity as Turner | ) | |
| County Sheriff; | ) | |
| JAY OSTREM, individually and in his | ) | |
| official capacity as a Turner County | ) | |
| Deputy; | ) | |
| JIM SEVERSON, individually and in | ) | |
| his official capacity as a Special Agent | ) | |
| for the Division of Criminal | ) | |
| Investigation; | ) | |
| LARA CUNNINGHAM, individually | ) | |
| and in her official capacity as a | ) | |
| Revenue Agent for the South Dakota | ) | |
| Department of Revenue and | ) | |
| Regulations; | ) | |
| THE HUMANE SOCIETY OF THE | ) | |
| UNITED STATES a/k/a HSUS; | ) | |
| | ) | |
| | ) | |

| | |
|---|---|
| WAYNE PACELLE; | ) |
| SCOTTLUND HAISLEY; | ) |
| DR. ADAM BAUKNECHT; | ) |
| EMERGENCY ANIMAL RESCUE | ) |
| SANCTUARY a/k/a EARS; | ) |
| DR. DAWN DALE; and | ) |
| TURNER COUNTY, SOUTH DAKOTA; | ) |
| | ) |
| Defendants. | ) |

Defendants move to strike an expert report that was prepared as a supplemental report by Lela Lawless, a damages expert designated by plaintiff Daniel Christensen.[1] Christensen resists the motion. For the following reasons, defendants' motion is granted in part and denied in part.

## BACKGROUND

Christensen operated a dog breeding business at his residence. On September 2, 2009, Christensen's property was searched, and all of his breeding dogs and puppies were seized pursuant to a warrant. Because of the search and seizure, Christensen was no longer able to maintain his dog breeding business. Christensen brought this action against defendants on September 2, 2010, seeking damages that included lost profits from his dog breeding business.

During discovery, Christensen hired Lela Lawless, a forensic accountant from Eide Bailly, LLP, to calculate the amount of lost profits Christensen suffered as a result of defendants' actions. Lawless submitted her expert report on

---

[1] The motion to strike was first filed by defendants Lara Cunningham, Jim Severson, and United Animal Nations (referred to as Emergency Animal Rescue Sanctuary a/k/a EARS in the caption). Defendants Rosie Quinn, Second Chance Rescue Center, Tiffani Landeen-Hoeke, Wayne Pacelle, The Humane Society of the United States, Dawn Dale, Adam Bauknecht, James Adamson, Luverne Langerock, John Overby, Steve Schmeichel, Lyle Van Hove, Byron Nogelmeier, Jay Ostrem, Turner County, and Scotlund Haisley join in the motion.

February 29, 2012, one day before Christensen's expert disclosure deadline of March 1, 2012.

Following disclosure of Lawless's report, defendants deposed several witnesses, including Christensen himself. Defendants disclosed Ginger Knutsen's expert report pertaining to the issue of lost profits on November 30, 2012, which was defendants' disclosure deadline. Then, defendants filed a *Daubert* motion on December 13, 2012, seeking to exclude the testimony of Lawless.

Before responding to defendants' *Daubert* motion, Christensen disclosed an additional expert report from Lawless (Lawless's Supplemental Report) on February 14, 2013.[2] Christensen then responded to defendants' *Daubert* motion.

Defendants argue that the Lawless Supplemental Report should be excluded from trial because it was disclosed well after the court's expert disclosure deadline, and it goes well beyond the scope of a supplemental report.

## DISCUSSION

Defendants move to strike Lawless's Supplemental Report in its entirety, arguing that the report is improper supplemental testimony under Rule 26(e) of the Federal Rules of Civil Procedure. Under Rule 26(a)(2), each party must disclose the identities of expert witnesses, along with a written report prepared by each witness, by the date ordered by the court. If the evidence is offered solely to rebut expert testimony offered by another party, disclosure may be made up to

---

[2] Lawless drafted a rebuttal report to Knutsen's report on Janurary 15, 2013.

thirty days after the other party's disclosure. Fed. R. Civ. P. 26(a)(2)(C)(ii). Further, each party is obligated to supplement information included in an expert's report "if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e). Supplemental disclosures must be made at least thirty days before trial unless a court order directs otherwise. Fed. R. Civ. P. 26(a)(3)(B), 26(e).

Here, the court ordered Christensen to disclose his expert reports by March 1, 2012, and defendants to disclose their expert reports by November 30, 2012. Christensen's deadline to produce Lawless's rebuttal report to defendants' expert Knutson was February 8, 2013. Supplemental reports are due twenty days before trial; the trial has not been scheduled at the time of this order.

Christensen disclosed Lawless's Supplemental Report on February 14, 2013. Therefore, unless Lawless's Supplemental Report qualifies as a supplemental report under Rule 26(e), it is untimely.

As a starting point, "the district court maintains broad control over Rule 26(e) issues regarding the disclosure of the substance of an expert's testimony." *Farmland Indus., Inc. v. Morrison-Quirk Grain Corp.*, 54 F.3d 478, 482 (8th Cir. 1995). The purpose of a supplemental report is to "inform the opposing party of any changes or alterations," *Tenbarge v. Ames Taping Tool Sys., Inc.*, 190 F.3d 862, 865 (8th Cir. 1999), not "to provide an extension of the deadline by which a party must deliver the lion's share of its expert information." *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996). Rule 26(e)

4

"permits supplemental reports only for the narrow purpose of correcting inaccuracies or adding information that was not available at the time of the initial report." *Minebea Co. v. Papst*, 231 F.R.D. 3, 6 (D.D.C. 2005).

If an expert opinion is untimely, Rule 37(c)(1) sanctions are triggered, including the exclusion at trial of testimony on undisclosed opinions. Fed. R. Civ. P. 37(c)(1). Exclusion of the evidence is not appropriate if the failure to disclose "was substantially justified or is harmless." *Id.* The court weighs four factors in determining whether exclusion is the proper sanction for untimely expert testimony: (1) the importance of the excluded expert testimony; (2) the party's explanation for failure to disclose; (3) the potential prejudice created by permitting use of the expert testimony at trial or on a pending motion; and (4) the ability to cure any prejudice by granting a continuance. *Transclean Corp. v. Bridgewood Servs., Inc.*, 77 F. Supp. 2d 1045, 1064 (D. Minn. 1999); *see also Citizens Bank of Batesville, Ark. v. Ford Motor Co.*, 16 F.3d 965, 966 (8th Cir. 1994) (using similar factors to determine whether to exclude witnesses not made known in compliance with a pretrial order).

Lawless's Supplemental Report included nine sections and additional tables and exhibits. The nine sections are as follows: (A) Labor Costs; (B) Building Renovation Costs; (C) Saved Costs or Cost Not Incurred; (D) Industry Trends, Economic Trends, and Puppy Pricing; (E) Puppy Demand and Markets; (F) Puppy Capacity; (G) Revenue and Profitability; (H) Mitigating Earnings Update; and (I) Estimated Value of Seized Breeding Stock and Puppies.

### A. Labor Costs

In Lawless's Supplemental Report, Lawless revised her previous projections of damages to include labor costs at $8.84 per hour for 40 hours a week. The initial report did not include any labor costs. This revision added $18,387 in fixed costs to her damages analysis beginning in 2010. This change was made after Lawless reviewed the transcripts of the depositions of Christensen that occurred after Lawless filed her initial expert report.[3]

Defendants argue that this information regarding labor costs is untimely because it is not supplemental information. Defendants contend the information was available to Lawless prior to making her initial report because she only needed to ask Christensen to provide this information. The court disagrees. Although the labor costs associated with doing business are common considerations when assessing a business's expenses, Christensen did not have any labor costs for the years that he operated his business because any help he needed came free of charge from family members. It was not until Christensen was deposed—after Lawless submitted her initial report—that he first articulated the need to hire additional help to run his puppy business. Therefore, the information required to generate labor costs associated with Christensen's business was unavailable at the time Lawless made her initial report and at the time of Christensen's March 1, 2012, deadline to disclose expert reports. Because

---

[3] Christensen's depositions took place on May 22, May 23, and June 13 of 2012.

the addition of labor costs was made after Lawless received new information that was unavailable at the time of her initial report, it is a supplement to her initial report.

**B.  Building Renovation Costs**

Lawless revised her damages analysis by subtracting $60,000 from total damages due to renovation expenses for a building that would have allowed for an increase in puppy production. Lawless noted these building renovations in her initial report but did not include any costs associated with such renovations in her damages projection.

The court finds that the subtraction of $60,000 from total damages due to costs associated with anticipated renovations is untimely because this information was available at the time of Lawless's initial report. The issue, then, is whether this information should be excluded. The court will address the four factors previously identified.

First, the court finds that the $60,000 alteration to Lawless's damages projection is important. Christensen can testify on this specific issue, which would make Lawless's testimony on the issue unnecessary and thus unimportant. But not allowing Lawless, Christensen's damages expert, to include the information in her report may confuse and mislead the jury. Lawless is attempting to provide a "full" picture of Christensen's alleged damages resulting from the lost profits of his business. Not allowing Lawless to include the $60,000 reduction would make her testimony incomplete. If the evidence comes in only

through Christensen, the jury would be forced to make unnecessary deductions regarding possible lost profits. Therefore, Lawless's $60,000 alteration to her damages projection is important and weighs in favor of admission.

Second, Christensen states that the additional figure is proper "in order to address Knutsen's criticism that Christensen would not physically been able to raise and sell 582 puppies on a long-term basis." Docket 243 at 10. Because the figure is in response to defendants' expert, this type of information is not properly included in a supplemental report. Thus, the second factor weighs in favor of exclusion.

Third, there is minimal prejudice to defendants created by permitting Lawless to include the $60,000 alteration in her testimony because the inclusion decreases the amount of lost profits that Lawless projects. Defendants argue that allowing the supplementation will prejudice them due to the effect it will have on their pending *Daubert* motion and the discovery schedule. Defendants have not, however, persuaded the court how this alleged prejudice to their *Daubert* motion will occur. Certainly, the court would have been able to consider this information had it been provided in an affidavit that was attached to Christensen's response to defendants' motion. Moreover, Lawless included the fact that Christensen intended to renovate the building in her initial report; she simply failed to include the amount of the renovation. Lastly, Christensen has offered to produce Lawless in Sioux Falls for an additional deposition at no cost to defendants. Thus, the third factor weighs in favor of admission.

Fourth, granting a continuance, or an extension of the discovery deadline, cures the prejudice that defendants note pertaining to the discovery schedule. It is not as if this case is on the eve of trial; indeed, the trial has not even been scheduled. So, the fourth factor weighs in favor of admission.

Therefore, the court finds that allowing Lawless to include the $60,000 alteration in her testimony, although untimely, is harmless and thus will be allowed.

### C. Saved Costs or Cost Not Incurred

Lawless made changes to her saved costs projections after reviewing the files used to prepare Christensen's tax returns, bank statements, and check copies. These changes significantly alter Christensen's saved costs projections.

The documents that Lawless reviewed in making her supplementation were all available at the time she produced her initial report. Lawless did not rely on these documents when making her initial report because Christensen did not provide them to her. In other words, the documents were available—they just were not provided to the expert.

Moreover, these alterations resulted in significant changes to Lawless's projections, essentially creating an entirely new report. Christensen cannot use the guise of a Rule 26(e) supplemental report to garner the admissibility of a new expert opinion disclosed after the court's disclosure deadline. *Carter v. Finely Hosp.*, No. 01 C 50468, 2003 WL 22232844, at *2 (N.D. Ill. Sept. 22, 2003). Thus, this supplementation is untimely.

After weighing the four factors, the court finds that exclusion of this evidence is warranted. Admitting this evidence would create significant prejudice to defendants because this supplementation materially increases Lawless's projections. Defendants would also be required to not only re-depose Lawless, but they would need to have their damages expert, Knutsen, review Lawless's new projections and in all likelihood produce an additional rebuttal report. And of course Christensen and his expert would want to review the rebuttal reports and perhaps re-depose Knutsen.

In summary, allowing these changes in saved costs essentially would be the equivalent to allowing an entirely new report. Christensen had plenty of time during discovery to provide Lawless with the documents that Lawless relied on in changing her report; he chose not to provide them. Furthermore, Christensen has not identified the importance of modifying the saved costs nor provided an explanation for failing to disclose this change within the court's deadline. Therefore, Lawless's testimony pertaining to this section of Lawless's Supplemental Report will be excluded from trial.

**D.      Industry Trends, Economic Trends, and Puppy Pricing**

Lawless included an entirely new section in her supplemental report that discusses trends in the pet industry and the economy and how these trends affect puppy pricing. Lawless did not, however, make any actual changes to her damages projections. In making this alteration, Lawless relied on her review of

reports that she found online while conducting research after she produced her initial report.

First, the majority of reports that Lawless relied on in adding this new section were available at the time she made her initial report. Second, this new addition does not merely supplement her initial report, but instead adds an entirely new section. Therefore, the court finds this testimony untimely.

Although untimely, the additional testimony on industry trends, economic trends, and puppy pricing is harmless. As defendants point out in their brief, "Lawless did not change any elements of her projections based on this new section." Docket 216 at 14. The section does not increase the amount of lost profits that Lawless projects. Further, just as in section B above, any prejudice created can be cured by deposing Lawless a second time. Thus, the court will not exclude this testimony.

**E.     Puppy Demand and Markets**

Lawless's Supplemental Report included information about the identity of Christensen's customer base and reduced Christensen's projected revenue by $273,959 because of the puppies that Christensen gave away free of charge. The information about the customer base came from documents produced by Christensen's veterinarian. The reduction in revenue stemmed from Christensen's statement during his deposition that he gave puppies away for free.

Because the information about the customer base came from documents that existed at the time Lawless produced her initial report, the court finds that

the information about Christensen's customer base is untimely. Indeed, Christensen admits that "Lawless could have easily made this same exhibit with the information she already had at the time she formulated her initial report." Docket 243 at 15.

 Although untimely, the court concludes that the information about the identity of Christensen's customer base is harmless. The information does not change Lawless's damages projection. Just as was the case in section B above, the information does not prejudice defendants' pending *Daubert* motion because the court would be able to consider it regardless of whether it was included as a supplement. Because no trial date has been set and the discovery deadline will be extended, defendants have plenty of time to review the information. Therefore, exclusion of the information about the customer base is not warranted.

 Turning to Lawless's reduction in Christensen's projected revenue because of the puppies Christensen gave away for free, the court finds this information a proper supplement because the information was not available to Lawless at the time she made her report, and it was an attempt to correct a mistake in the initial report. Similar to the increased labor costs, Lawless was not aware of this information until Christensen was deposed, which occurred after Lawless produced her initial report. Moreover, Lawless stated that she misinterpreted the records she reviewed at the time of the initial report, and this error came to her

12

attention once she reviewed Christensen's deposition testimony. Thus, such information is a proper supplementation.[4]

Therefore, the court will not exclude the evidence found in section E of Lawless's Supplemental Report.

**F.   Puppy Capacity**

Lawless also included in her supplement further details in support of her assumptions of Christensen's potential puppy capacity. Much of the information is simply a restatement of Lawless's assertions in her initial report. The only new information is the testimony of Gary Sanborn, owner of a different dog breeding business.

Regardless of whether the information is timely, the court finds that it is harmless. The only argument that defendants make is that the information is prejudicial to their pending *Daubert* motion because it bolsters Lawless's initial report. As discussed before, for purposes of evaluating defendants' *Daubert* motion, the court can consider the information regardless of how it is received. Furthermore, because the majority of the information is simply restating what was noted in the initial report, it will not prejudice defendants. Therefore, such information will not be excluded.

---

[4] Even if the information was untimely, it is harmless to defendants for many of the same reasons discussed in the previous sections, including the fact that it reduces Lawless's total damages projection.

**G.     Revenue and Profitability**

Lawless's Supplemental Report includes a section detailing the revenue and profitability of Christensen's business for year 2009. Included in the section are tables calculating the minimum 2009 revenue, the total "but for" 2009 revenue, and the 2009 estimated net income. Nothing of the like appears in Lawless's initial report.

Christensen asserts that this section of Lawless's Supplemental Report "doesn't introduce any new data. Nor does Lawless attempt to introduce any new accounting principles." Docket 243 at 20. Christensen argues that the supplement is timely because Christensen relies on the deposition testimony of Rosie Quinn, which occurred after Lawless produced her initial report. The new figures are not based on the substance of Rosie Quinn's new testimony, but instead are created from data that was available to Lawless at the time she made her initial report. Thus, this information is untimely.

The court also finds that the information is not harmless. First, the information is not very important because it shows the possible revenue and profit that Christensen could have achieved in 2009. Christensen's total potential lost puppy sales revenue and lost profits for 2009 are already included in Lawless's initial report. Therefore, Lawless's additional information regarding revenue and profitability is of limited importance.

Second, Christensen's explanation for failing to disclose this information in the first report is unavailing. Christensen first argues that the section was added

14

to clarify the numbers in Lawless's original report and to demonstrate how easy it would have been for Christensen to be profitable in 2009. These explanations are not acceptable justifications for supplementation. Then, in a footnote, Christensen notes that Lawless added this section in response to Quinn's deposition testimony. As noted above, Quinn's testimony had no effect on her calculations for her new figures. Thus, this factor weighs in favor of exclusion.

Third, these new figures prejudice defendants in the same manner as the saved costs figures Lawless produced in section C. The figures are entirely new and would require extensive analysis from defendants' expert. Therefore, this factor weighs in favor of exclusion.

Because Christensen has not identified a good reason why Lawless did not include this new information regarding revenue and profitability in her initial report and such information prejudices defendants, the information will be excluded at trial.

## H.   Mitigating Earnings Update

Lawless also included information pertaining to Christensen's mitigation of the damages allegedly caused by defendants. In this section, Lawless reduces her lost profits calculation because Christensen could have mitigated damages by gaining alternative employment.

Because Lawless's mitigating earnings supplement did not correct an error or rely on unavailable information, it is untimely. Nonetheless, the court will not exclude it because it is harmless to defendants. First, the supplement reduces

Lawless's lost profits projection. Second, defendants will not be required to spend significant time assessing this new information because it is straightforward. Third, this information is an important element in calculating net lost profits. Thus, the information will not be excluded at trial.

## I.     Estimated Value of Seized Breeding Stock and Puppies

Lawless's Supplemental Report includes a section that calculates the value of the seized breeding stock and puppies as of September 2, 2009. Lawless's initial report did not include similar information. Neither Lawless nor Christensen explain how this section either corrects an error in the initial report or relies on previously unavailable information, thus making it untimely.

Furthermore, the court finds that exclusion is warranted here. These new figures are an attempt to allow Lawless to testify about out-of-pocket damages Christensen suffered. Lawless's testimony on this subject is not important because there is no reason why Christensen himself cannot provide this evidence. Moreover, Lawless was designated as an expert to calculate lost profit damages, not out-of-pocket damages. If Christensen intended to have Lawless testify on out-of-pocket damages, he should have disclosed her testimony on the issue before the court's deadline. Thus, Lawless is precluded from testifying about this information at trial.

## CONCLUSION

Much of Lawless's Supplemental Report is either proper supplementation or harmless, thus not requiring exclusion at trial. But Lawless's new information

regarding saved costs (section C), revenue and profitability (section G), and the estimated value of seized breeding stock and puppies (section I) is not proper supplementation nor is it harmless. Therefore, any testimony from Lawless about the information contained in these sections, and any tables or exhibits that accompany them, will be excluded from the trial. Accordingly, it is

ORDERED that defendants' motion to strike plaintiff's supplemental expert report (Docket 215) is granted in part and denied in part.

IT IS FURTHER ORDERED that Christensen will produce Lawless in Sioux Falls, South Dakota, at no cost to defendants if defendants choose to re-depose Lawless.

Dated May 17, 2013.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE