UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DANIEL REED CHRISTENSEN,<br><br>    Plaintiff,<br><br>  vs.<br><br>ROSIE QUINN;<br>SECOND CHANCE RESCUE CENTER;<br>and<br>TIFFANI LANDEEN-HOEKE,<br>individually,<br><br>    Defendants. | CIV. 10-4128-KES<br><br><br><br>ORDER DENYING MOTION TO<br>RECONSIDER |

Pending is defendant Tiffani Landeen-Hoeke's motion to reconsider the partial denial of her summary judgment motion. Docket 628. Plaintiff, Daniel Reed Christensen, opposes the motion to reconsider. Docket 644. For the following reasons, the motion to reconsider is denied.

**BACKGROUND**

This case began in September 2010 when Christensen filed suit against various state and county officials, animal rights organizations, and volunteers alleging numerous constitutional violations. All defendants filed motions for summary judgment, and Christensen also moved for summary judgment against most, but not all, defendants. On September 10, 2014, the court entered an order denying all of Christensen's motions for summary judgment and granting summary judgment to all defendants except Rosie Quinn in her

individual capacity, Second Chance Rescue Center, and Landeen-Hoeke in her individual capacity. Docket 598.

The court granted summary judgment to Landeen-Hoeke on all claims brought against her in her official capacity because Christensen had not demonstrated that any alleged constitutional violations stemmed from an unconstitutional policy or custom of Turner County.[1] *Id.* at 12-15. The court granted summary judgment to Landeen-Hoeke in her individual capacity on Count I, which asserted a claim under 42 U.S.C. § 1983, because she was entitled to absolute prosecutorial immunity under federal law. Docket 598 at 70-78. Landeen-Hoeke was not named as a defendant in Count II, which also asserted a § 1983 claim. *Id.* at 17 n.11.

The remaining claims asserted against Landeen-Hoeke were state-law claims. The court granted summary judgment to all defendants on Count III, which alleged malicious prosecution, because Christensen failed to establish the second and third elements of that claim. *Id.* at 78-80. Similarly, the court granted summary judgment to all defendants on Count IV, which alleged intentional infliction of emotional distress, because no defendant acted in a way that went beyond all possible bounds of decency. *Id.* at 81-82. The court also granted summary judgment to all defendants on Count V, which alleged

---

[1] Landeen-Hoeke was the Turner County State's Attorney at all relevant times. Because she was not a state employee, she did not share the state's Eleventh Amendment immunity. *See* Docket 598 at 12 n.9; *see also Miener v. State of Missouri*, 673 F.2d 969, 980 (8th Cir. 1982) ("Controlling case law holds that a county . . . does not occupy the same position as a state for eleventh amendment purposes.").

violations of the Animal Enterprise Protection Act,[2] based on the court's finding that the South Dakota Supreme Court would require a conviction under that statute as a predicate to civil liability and the fact that no defendant had been charged or convicted under that statute. *Id.* at 82-88.

Counts VI and VII alleged state-law trespass and conversion, respectively. The court held that there was a genuine dispute of material fact as to whether Landeen-Hoeke conspired with Quinn to commit those torts. *Id.* at 92 (trespass); *id.* at 95-96 (conversion). In doing so, the court found that Landeen-Hoeke failed to raise a state-law immunity defense. *Id.* at 93-94. Landeen-Hoeke's motion for reconsideration centers on whether she is entitled to immunity on those claims.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure generally do not recognize uniform standards for a court to analyze a motion to reconsider. In this case, Landeen-Hoeke brings her motion to reconsider under Federal Rule of Civil Procedure 54(b), which provides that "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Under Rule 54(b), district courts have "the inherent power to reconsider and modify an interlocutory order any time prior to the entry of judgment." *K.C. 1986 Ltd.*

---

[2] SDCL 40-38-2.

*P'ship v. Reade Mfg.*, 472 F.3d 1009, 1117 (8th Cir. 2007) (quotation and citation omitted). While the specific standard for a motion made under Rule 54(b) is unclear, generally courts have found the standard "to be less exacting than would be a motion under Federal Rule of Procedure 59(e), which in turn is less exacting than the standards enunciated in Federal Rule of Procedure 60(b)." *Colombe v. Rosebud Sioux Tribe*, 835 F. Supp. 2d 736, 750 (D.S.D. 2011) (quotation and citation omitted); *see also Doctor John's, Inc. v. City of Sioux City, Ia.*, 438 F. Supp. 2d 1005, 1027 (N.D. Iowa 2006).

Although the court's reconsideration of interlocutory orders might be less rigorous than that of final orders for Rule 59(e) or 60(b), courts "should look to the kinds of consideration under those rules for guidance." *Doctor John's*, 438 F. Supp. 2d at 1027 (quotation and citation omitted). Like other motions to reconsider, "[i]t is generally held that a court may amend or reconsider any ruling under Rule 54(b) to correct any clearly or manifestly erroneous findings of facts or conclusions of law." *Jones v. Casey's Gen. Stores*, 551 F. Supp. 2d 848, 854 (S.D. Iowa 2008) (quotations and citation omitted).

## DISCUSSION

Landeen-Hoeke argues that she did plead state-law immunity, that it is not required to be pleaded as an affirmative defense, that it cannot be waived because it is jurisdictional, and that she is entitled to absolute judicial immunity on the state-law claims because those claims are based on the same underlying actions as Count I, where the court found that Landeen-Hoeke was

4

entitled to absolute immunity. Docket 630. Christensen resists the motion on the basis that Landeen-Hoeke did not raise a state-law immunity defense at the summary judgment stage. Docket 644.

## I.    SOVEREIGN IMMUNITY

Landeen-Hoeke asserts that state-law immunity is synonymous with sovereign immunity, which is jurisdictional and cannot be waived. Docket 630 at 5 (asserting that "state-law immunity is generally synonymous with sovereign immunity"). This contention is not correct. Landeen-Hoeke was not a state employee and thus does not share the state's immunity. *See, e.g., Miener*, 673 F.2d at 980. Landeen-Hoeke does not claim she was a state employee or dispute the court's finding that she was a county employee. *See* Docket 598 at 12 n.9. Because Landeen-Hoeke was not a state employee, she does not enjoy the state's sovereign immunity protections.[3]

## II.   OFFICIAL-CAPACITY CLAIMS

County employees are not subject to liability under § 1983 in their official capacities unless a plaintiff shows that the constitutional violation in question stemmed from an unconstitutional policy or custom of the government entity itself. *See, e.g., Hafer v. Melo*, 502 U.S. 21, 25 (1991). This

---

[3] Landeen-Hoeke makes the related arguments that sovereign immunity presents a jurisdictional issue, cannot be waived, and bars state-law claims brought in federal court when a state has not waived sovereign immunity. While these statements may be true with respect to claims against a state or state employees in their official capacities, they do not apply in this situation because Landeen-Hoeke was not a state employee. Landeen-Hoeke does not address that factual issue or its significance. Additionally, even if Landeen-Hoeke were a state employee, the court dismissed all claims against her in her official capacity.

defense applies to official-capacity claims only because the government entity is the real party in interest. *Id.* All the authority cited by Landeen-Hoeke relates to official-capacity claims, a distinction that Landeen-Hoeke does not address. The court granted summary judgment to Landeen-Hoeke on all claims against her in her official capacity. *See* Docket 598 at 12-15. Because the court dismissed all claims against Landeen-Hoeke in her official capacity, the relevant question is whether she is entitled to immunity in her individual capacity.

## III. SDCL 21-32A-2

South Dakota has extended immunity to public entity employees in their individual capacities in certain situations. SDCL 21-32A-2.[4] Paragraph 33 of Landeen-Hoeke's answer to the amended complaint—the only reference to SDCL 21-32A-2 in Landeen-Hoeke's pleading—states that "[a]s a further affirmative defense . . . [Christensen's] claims for punitive damages is barred by Article III, Section 27 of the South Dakota Constitution, by the terms of SDCL 21-3-2, 21-32-17, 21-32A-2, 21-1-4.1, and by the Doctrine of Sovereign Immunity." Docket 145 at 5. Landeen-Hoeke specifically limited application of that defense to punitive damages in her pleading.

---

[4] SDCL 21-32A-2 reads in full: "Except insofar as a public entity, including the state, participates in a risk sharing pool or insurance is purchased pursuant to § 21-32A-1, any employee, officer, or agent of the public entity, including the state, while acting within the scope of his employment or agency, whether such acts are ministerial or discretionary, is immune from suit or liability for damages brought against him in either his individual or official capacity. The immunity recognized herein may be raised by way of affirmative defense."

Even if the court construes Landeen-Hoeke's answer liberally to apply to all claims, she failed to raise an immunity defense under SDCL 21-32A-2 at the summary judgment stage. Parties are allowed to plead numerous alternative affirmative defenses, but the court only considers those defenses actually raised and argued on summary judgment. Landeen-Hoeke's brief in support of her motion for summary judgment does not cite or discuss SDCL 21-32A-2.[5] Thus, the court did not consider this unraised argument. Docket 598 at 93-94.

## IV.   ABSOLUTE JUDICIAL IMMUNITY

Immunity is a substantive issue. Counts VI and VII are state-law claims. Thus, on the state-law claims, immunity must be shown under state law, not under federal law. Docket 598 at 93 (citing *Reasonover v. St. Louis Cnty., Mo.*, 447 F.3d 569, 585 (8th Cir. 2006)). Although the caselaw from the South Dakota Supreme Court on the topic of judicial immunity is limited, South Dakota does recognize that defense. *See Hansen v. Kjellsen*, 638 N.W.2d 548, 550 & n.* (discussing whether a court services officer is entitled to judicial immunity under a functional approach and noting in a footnote that judicial immunity has been extended to attorneys acting in a way intimately connected with the judicial process based on *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)).

---

[5] Similarly, the court is unaware of any evidence in the record relating to a risk-sharing pool or insurance. The absence of this information, which is the sole condition included in SDCL 21-32A-2, confirms that Landeen-Hoeke did not raise SDCL 21-32A-2 as a defense at the summary judgment stage. Without such information, the court would be unable to evaluate whether or to what extent the statute applied in this situation.

Although Landeen-Hoeke argued for immunity under federal law, she did not discuss, or even cite, South Dakota law at the summary judgment stage:

> If the Court finds that absolute immunity applies to Landeen's conduct as the Turner County State's Attorney, then the immunity not only protects Landeen from Plaintiff's 42 U.S.C. § 1983 claim, but it also provides immunity from the remaining state law claims. See *Abbot v. Oller*, 2012 WL 1465091 at *8 FN24 (E.D. Mo.), citing *Reasonover v. St. Louis County, Mo.*, 447 F.3d 569, 585 (8th Cir. 2006). As such, Landeen should be absolutely immune from suit on all of Plaintiff's claims against Landeen.

Docket 414 at 16. Thus, the court did not examine whether Landeen-Hoeke was entitled to judicial immunity under South Dakota law on Christensen's state-law claims.[6] *See* Docket 598 at 93-94.

Additionally, the court is unable to conclude that Landeen-Hoeke would automatically be entitled to judicial immunity on the state-law claims to the same extent she was immune from suit on Count I. The court's decision on Count I was based in part on the fact that some the actions Christensen attributed to Landeen-Hoeke were intimately connected with her role as prosecutor in the judicial process. Docket 598 at 70-78 (finding that Landen-Hoeke's request for an arrest warrant, actions related to the search warrant affidavit, and her decision to continue prosecution were connected to her role as prosecutor). In addressing Count I, however, the court did not resolve

---

[6] Landeen-Hoeke responds to the fact that she did not raise state-law immunity at summary judgment by contending that "state law immunity is considered sovereign immunity" and "Landeen's summary judgment briefs properly assert sovereign immunity." Docket 645 at 2. As discussed above, a state's sovereign immunity is not available to county employees, nor does it apply to individual capacity claims. Thus, the fact that Landeen-Hoeke discussed sovereign immunity has no bearing on whether she is entitled to judicial immunity under South Dakota state law.

whether some of Landeen-Hoeke's actions were tied to her role as prosecutor because even if they were not, she would still be entitled to qualified immunity under federal caselaw. *Id.* (discussing Landeen-Hoeke's actions in passing along the suspected sales tax violation for investigation to Cunningham, Landeen-Hoeke's statement that Quinn should use the opportunity to look around Christensen's property, and other acts alleged by Christensen). Because the question of state-law immunity was not argued at the summary judgment stage,[7] the court is unable to determine if the same underlying conduct would have been at issue or whether South Dakota caselaw is coextensive with federal caselaw on the scope of immunity. Had evidence and authority been presented, Landeen-Hoeke would have had " 'the burden of showing that such an exemption is justified by overriding considerations of public policy[.]' " *Hansen*, 638 N.W.2d at 550 (quoting *Forrester v. White*, 484 U.S. 219, 224 (1988)).

## CONCLUSION

Landeen-Hoeke's motion for reconsideration conflates the immunity of a state employee sued in his or her official capacity with the immunity potentially available to Landeen-Hoeke, a county employee defending claims brought against her in her individual capacity. In her motion for reconsideration,

---

[7] In her brief in support of her motion to reconsider, Landeen-Hoeke suggests that she incorporated South Dakota precedent into her brief in support of her summary judgment motion via her reference to *Reasonover*. *See* Docket 630 at 15-16 & n.5. Even if the reference to *Reasonover* is construed as a reference to state law, that conclusory statement without any citation to state law is insufficient to properly raise the issue.

Landeen-Hoeke presents two possible grounds for immunity in her individual capacity: SDCL 21-32A-2 and absolute judicial immunity under South Dakota state law. Neither issue was raised on summary judgment. Thus, the court will not take them up on a motion to reconsider. It is

ORDERED that Landeen-Hoeke's motion to reconsider (Docket 628) is denied.

Dated November 18, 2014.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE